IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| DIEDERIKE MARLENE FULKERSON, | ) | |
| | ) | CASE NO. BK12-41750-TLS |
| Debtor(s). | ) | A12-4091-TLS |
| STATE OF FLORIDA ex rel. FLORIDA | ) | |
| DEPARTMENT OF INSURANCE, Receiver | ) | |
| for United Southern Assurance Company, | ) | |
| | ) | |
| Plaintiff, | ) | CHAPTER 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| DIEDERIKE MARLENE FULKERSON, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

      This matter is before the court on the defendant's motion for summary judgment (Fil. No. 37) and resistance by the plaintiff (Fil. No. 46). Christian R. Blunk and William E. Gast represent the debtor, and Anna M. Bednar and Robert F. Craig represent the plaintiff. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

      During a hearing shortly after removal of this case to this court, I questioned the propriety of keeping this case in bankruptcy court. Counsel for both sides expressed a desire to have the case heard in this court (with the potential for speedy resolution being the primary factor) so I did not immediately remand it to the state court. However, after reviewing the materials submitted by the parties, I again question whether this adversary proceeding should be before the bankruptcy court. For the reasons stated below, I am going to remand the case to the District Court of Douglas County, Nebraska.

      The dispute between the parties has a lengthy history. The receiver, who is the court-appointed liquidator of an insurance company that had entered into an agency relationship with a company operated and controlled by David Fulkerson, initially filed this lawsuit in Douglas County District Court against Mr. Fulkerson and two of his insurance businesses in 1998 to recover insurance premiums that had been collected but not paid to the plaintiff. The receiver also alleged that some of the defendants' assets had been transferred in an effort to thwart the receiver's security interest in collateral to secure the turnover of the amounts due.

Case 12-04091-TLS    Doc 54    Filed 07/03/13    Entered 07/03/13 14:59:14    Desc Main
           Document      Page 2 of 5

The case was tried to a jury in August 2006. The court subsequently entered judgment in the receiver's favor on its motion for a directed verdict, finding the insurance agency, its alter ego, and Mr. Fulkerson as the controlling person were jointly and severally liable for fraudulently transferring approximately $2.2 million from the agency to the alter ego. With pre-judgment interest, the total judgment was $4,677,946.65. On appeal, the Nebraska Supreme Court reversed and remanded, holding that the existence of a fraudulent transfer was a factual question for the jury because it requires a finding of intent to defraud.

Mr. Fulkerson passed away in October 2009, before the case could be retried. The receiver filed a claim against the probate estate, which was denied in February 2010 by Mrs. Fulkerson as the estate's personal representative. The receiver did not timely challenge the denial, so the claim was discharged and the estate was closed.

The receiver then filed an amended complaint in the Douglas County lawsuit adding Mrs. Fulkerson and other Fulkerson heirs as defendants. Mrs. Fulkerson filed a bankruptcy petition in August 2012 and removed the pending lawsuit to this court. At that time, the operative pleading was the seventh amended petition filed in May 2012. It contains allegations against the agency, the alter ago, and Mrs. Fulkerson in her capacity as officer and/or director and controlling person of the insurance agencies, general partner with Mr. Fulkerson in an investment holding company, and beneficiary of Mr. Fulkerson's will. The theories of recovery against Mrs. Fulkerson include conversion of the unremitted premiums, fraudulent transfers of assets to alter ego and insider entities and of cash to her personally, and breach of fiduciary duty. The receiver claims it did not learn of the asset transfers to Mrs. Fulkerson until Mr. Fulkerson's estate was probated. The receiver also filed a proof of claim in the bankruptcy case for $4,740,670.00 based on its state court petition.

The debtor has now moved for summary judgment, arguing that all of the causes of action are derivative and are precluded by the discharge of the plaintiff's identical claim in her husband's probate proceedings.

The purpose of this adversary proceeding is to establish the amount of the receiver's claim. As such, it is a core proceeding which a bankruptcy judge may hear and determine pursuant to 28 U.S.C. § 157(b)(2)(B). *See Schmidt v. Klein Bank (In re Schmidt)*, 453 B.R. 346, 351 (B.A.P. 8th Cir. 2011) (holding that a creditor's causes of action against debtors on a guaranty would not be core unless the creditor filed a proof of claim, in which case "the resolution of those claims would be core, inasmuch as the allowance or disallowance of claims against a debtor's bankruptcy estate is a matter that arises under the Bankruptcy Code pursuant to 11 U.S.C. § 502"), and *City of Sioux City v. Civic Partners Sioux City, LLC (In re Civic Partners Sioux City, LLC)*, Adv. Nos. 11-9045 and -9046, 2012 WL 761361 at *9 (Bankr. N.D. Iowa Mar. 8, 2012) (stating that "[t]he fact that both creditors here filed their proof of claims, and based those claims on the claims in their adversary complaints, makes them core proceedings under *Schmidt*).

However, 28 U.S.C. § 1334(c)(1) permits a court to abstain from hearing a particular proceeding in favor of the state courts: "[N]othing in this section prevents a district court in the

interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

In deciding whether permissive abstention under § 1334(c)(1) is appropriate under the broad statutory guidelines of the interests of justice or comity, and keeping in mind "the premise that federal courts should exercise their jurisdiction if it is properly conferred and that abstention is the exception rather than the rule,"[1] courts consider the following factors:

(1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention;

(2) the extent to which state law issues predominate over bankruptcy issues;

(3) the difficult or unsettled nature of the applicable law;

(4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;

(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7) the substance rather than the form of an asserted "core" proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden on the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial; and

(12) the presence in the proceeding of non-debtor parties.

*Stabler v. Beyers (In re Stabler)*, 418 B.R. 764, 769 (B.A.P. 8th Cir. 2009) (citing *Williams*, 256 B.R. at 893-94 and *In re Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 6 F.3d 1184, 1189 (7th Cir.

---

[1] *Williams v. Citifinancial Mortg. Co. (In re Williams)*, 256 B.R. 885, 894 (B.A.P. 8th Cir. 2001).

1993) ("Courts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative.")).

The majority of these factors favor abstention. As noted above, the allegations in the pending complaint were initially commenced in state court and pertain to state law causes of action. The arguments raised in the pending summary judgment motion relate to whether the probate court or state district court has or has not decided certain matters, which raises issues of res judicata, issue preclusion, and the statute of limitations, in addition to the application of state law fraudulent transfer statutes. The case does not involve any bankruptcy law issues (other than the validity and amount of a creditor's claim) and no issues exclusive to bankruptcy. The civil action was on track to be retried in state court when it was removed to this court. The state courts had dealt with this case for nearly15 years prior to removal and are intimately familiar with it. The state court is in the best position to determine the various issues raised in the summary judgment motion. If this court were to retain the case, it would be the third forum to deal with many of the issues raised and the parties would in many respects be starting over.

The debtor's desire for a speedy resolution of this litigation is unlikely to occur in this court, if for no other reason than whatever decision is rendered is likely to be appealed (the issues have been pending in state courts for 15 years), with jurisdictional questions at the forefront. The debtor/defendant has even acknowledged that but for the resolution of the receiver's claim, she does not need to be in bankruptcy. The removal of the case to bankruptcy court appears to be little more than forum shopping. The plaintiff's claim may be liquidated in the state court, although the automatic stay protects the debtor from any attempts to collect on a judgment. If dischargeability of the state court judgment becomes an issue, the parties may bring it before this court for determination.

For these reasons, this court will abstain from hearing the lawsuit and will remand the case to state court.

IT IS ORDERED: The defendant's motion for summary judgment (Fil. No. 37) is denied without prejudice. This lawsuit should be remanded to the District Court of Douglas County, Nebraska. Relief from the automatic stay is hereby granted to the parties to pursue the state court litigation and liquidate the claim.

DATED: July 3, 2013.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Christian R. Blunk
    *William E. Gast

    Anna M. Bednar/Robert F. Craig
    United States Trustee
    Joseph H. Badami

Movant (*) is responsible for giving notice to other parties if required by rule or statute.